**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Darin Ray GOODRICH,**
**Defendant–Appellant.**

No. 89–50674.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 1990.

Decided Nov. 20, 1990.

Nancy G. Kendall, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Edward P. Allard, III, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before REINHARDT and LEAVY, Circuit Judges, and KING *, District Judge.

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

LEAVY, Circuit Judge:

## OVERVIEW

Darin Ray Goodrich (Goodrich), appeals his sentence of twenty-four months imprisonment following a guilty plea to one count of making false declarations before the court in violation of 18 U.S.C. § 1623 (1988).

We reverse the district court's decision to depart from the Sentencing Guidelines.

## FACTS

An indictment charged Donna Rae Goodrich, the defendant's wife, with smuggling steroids in violation of 18 U.S.C. § 545 (1988). The indictment followed Donna Rae's arrest on January 4, 1988, when steroids were found in the vehicle she was driving from Mexico into the United States at the San Ysidro Port of Entry. She was convicted by a jury on September 1, 1988.

At Donna Rae's trial, the defendant testified as a witness about the events surrounding Donna Rae's arrest. After Donna Rae's conviction, a federal grand jury on November 1, 1988, returned a four count indictment against the defendant Darin Goodrich, Donna Rae Goodrich, and one other person. In the indictment, Darin Goodrich was charged with conspiracy to illegally import merchandise (steroids) in violation of 18 U.S.C. §§ 371 and 545 (1988) (Count 1), with illegal importation of merchandise (steroids) in violation of 18 U.S.C. §§ 2 and 545 (1988) (Count 2), and with making false declarations before the court in violation of 18 U.S.C. § 1623 (Count 3). The charge of making false declarations

arose out of Goodrich's testimony at the trial of Donna Rae.

On January 17, 1989, Goodrich pled guilty to count three of the indictment, making false declarations before the court in violation of 18 U.S.C. § 1623,[1] in exchange for dismissal of the remaining counts against him.

A presentence report was prepared. Pursuant to the Sentencing Reform Act of 1984, the base offense level was calculated to be 12. A two point deduction for acceptance of responsibility was recommended. Thus, the total offense level was 10. The criminal history score was zero, with a criminal history category of 1. The applicable guideline range, based on a total offense level of 10 and a criminal history category of 1, was six to twelve months. The probation department recommended a sentence of twelve months, the upper end of the guideline range, based on the "serious nature of [Goodrich's] perjury testimony."

The government did not recommend an upward departure because "we are not allowed to recommend departures for any reasons other than those set forth in the book, and I can't find one to plug in here."

The court decided against the two point reduction for acceptance of responsibility under section 3E1.1 of the Sentencing Guidelines. Without it, Goodrich's applicable guideline range was ten to sixteen months. The court chose to upwardly depart and sentenced Goodrich to prison for twenty-four months.

At the original sentencing on February 27, 1989, the court failed to advise Goodrich

---

**1.** 18 U.S.C. § 1623(a) states:

> Whoever under oath ... in any proceeding before ... any court ... of the United States knowingly makes any false material declaration ... shall be fined not more than $10,000 or imprisoned not more than five years, or both.

This statute is very similar conceptually to 18 U.S.C. § 1621, which deals with perjury generally:

> Whoever—
>
> (1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify

> ... truly, ... willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true ...
>
> . . . . .
>
> is guilty of perjury.

However, there is only a $5000 fine for perjury.

The district court used the word "perjury" instead of "false declarations" in describing what the defendant did. Although the guideline used in sentencing, section 2J1.3, applies equally to both 18 U.S.C. § 1621 and to 18 U.S.C. § 1623, we use "false declarations" instead of "perjury" wherever possible in this opinion since that statute was used to charge Goodrich.

of his right to appeal under Federal Rule of Criminal Procedure 32(a)(2). The federal public defender moved to vacate the sentence, requesting resentencing with advice on the right to appeal and a sentence consistent with the Sentencing Guidelines. The sentence of February 27, 1989, was vacated and on October 30, 1989, Goodrich was resentenced to twenty-four months imprisonment.

Goodrich timely appealed. He argues that the two-year sentence imposed for his false declarations was an unreasonable departure from the applicable guideline range. He contends his fifth amendment rights were violated when the court conditioned reduction of his sentence for acceptance of responsibility upon his making self-incriminating statements with respect to the counts that were dismissed. Finally, he argues that the court imposed disparate sentences upon himself and his wife in violation of 18 U.S.C. § 3553(a)(6).

## DISCUSSION

### A. Whether The Court Should Have Departed From The Guidelines

■ A court may depart from the prescribed sentencing range if it finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b); *United States v. Sanchez Solis,* 882 F.2d 693, 698 (2nd Cir.1989). When reviewing a departure from the Sentencing Guidelines, we must first determine whether the departure is permissible, and then whether the departure imposed is unreasonable. *States v. Michel,* 876 F.2d 784, 786 (9th Cir.1989). "Reasonableness" is reviewed under the abuse of discretion standard. *United States v. Lira–Barraza,* 897 F.2d 981, 986 (9th Cir.1990), *reh'g granted, en banc,* 909 F.2d 1370 (1990). Findings of fact that underlie a sentencing determina-

tion are reviewed for clear error. *United States v. Wills,* 881 F.2d 823, 825 (9th Cir.1989).

■ Under *Lira–Barraza,* we review departures from the Sentencing Guidelines according to a five-step process: (1) whether the district judge adequately identified the "aggravating or mitigating circumstance ...;" (2) whether the identified circumstance actually existed; (3) whether the circumstance was adequately taken into consideration by the Sentencing Commission; (4) if not, whether the circumstance should result in departure; and (5) whether the extent or degree of departure was unreasonable. *Lira–Barraza,* 897 F.2d at 983–86. De novo review applies to the first and third steps; the second step is examined for clear error; and steps four and five are reviewed for an abuse of discretion. *Id.* at 983–86; *accord United States v. Pearson,* 911 F.2d 186 (9th Cir. 1990).

### The Aggravating Or Mitigating Circumstance

At Goodrich's resentencing on October 30, 1989,[2] the court clearly identified what it felt were extensive false declarations as the aggravating factor relied on to depart upward:

I think it clearly has been established that the extent of his perjury, the aggravating factor[,] clearly allows the court, under 5K2 to depart upward.

I have here a transcript of the testimony, some 70 pages that Mr. Goodrich testified to in this court on behalf of his wife, and he wasn't even on trial, he was a witness for his wife, and the false declarations that he brought forth in this trial as a witness, not as a defendant, before the jury is, in my judgment, substantially in excess of that which is involved in the average perjury conviction,

---

**2.** To support his argument on this issue, Goodrich cites to remarks of the trial court at the first sentencing hearing on February 27, 1989. However, the first sentence was vacated pursuant to motions that pointed out, among other things, the errors Goodrich claimed were made under the Guidelines.

Another sentencing hearing was held on October 30, 1989, at which Judge Thompson stated his intent to depart and the reasons for it. Because the first sentence was vacated, we will use only the October 30, 1989, hearing to determine whether the district court erred.

and his degree of responsibility is much greater than, I believe than the Sentencing Commission intended.

I don't think there is any question but what a two-year sentence is appropriate and, therefore, I am departing, I intend to depart as I did before. And if there is any question about it, I intend to have the transcript of the testimony of Mr. Goodrich, along with the presentence report in which he makes his statement, attached and made part of the ruling of this court for the purposes of any appeal.

. . . .

Mr. Goodrich, it's one thing to subvert the system by committing crimes against society, whether we agree or disagree with the crimes. It's another thing to cover up the crimes that you've committed. And it is a third thing to subvert justice the way you did by attempting to secure a jury verdict for your wife on perjury testimony. What I think these guidelines establishes [sic] is that when there is a false statement made, a perjurious statement made, that the guidelines fail. Seventy pages worth had to be more than 100 of these one-statement lies.

The court cannot and will not condone that sort of activity, and I'm sure that the Sentencing Commission will understand the position that I've taken, and I'm reasonably sure they had no intention of placing a six-to twelve-month, or a ten-to sixteen-month sentence on a person who perjures himself on the witness stand to the extent that you did.

. . . .

I go back to the same thing I said before. I think what the Sentencing Commission had in mind is a false statement made to the court, I think that's what the statute says, and this was much, much [more] than that, it was far in excess of, I think, what the Sentencing Commission had in mind.

Goodrich's false declarations are well-documented in the record before us. However, we must disagree with the district court's finding that "more than 100 of these one-statement lies" contained in seventy pages of testimony is an aggravating or mitigating circumstance to a charge of making false declarations. The essential conduct that constitutes the making of a false material declaration is ordinarily the same regardless of the number of questions and answers it takes to elicit the tale, where a defendant or a witness tells a false story to exonerate himself or another. Also, it is well-settled law that more than one specification of falsity may be included in a single count of perjury, as was done here. *See, e.g., Vitello v. United States,* 425 F.2d 416, 418 (9th Cir.), *cert. denied,* 400 U.S. 822, 91 S.Ct. 43, 27 L.Ed.2d 50 (1970). This does not make that count duplicative; that is, charging more than one distinct and separate offense. *United States v. Isaacs,* 493 F.2d 1124, 1154–55 (7th Cir.1974), *cert. denied,* 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974). It follows that a court should not consider the fact that a number of false statements have been charged in a single count as a ground for an upward departure.

The district court's finding that these false declarations were somehow extraordinary is clearly erroneous. We reverse.

■ Even if Goodrich's testimony did qualify as an aggravating or mitigating circumstance, there is no doubt that the Sentencing Commission has taken extensive false declarations into consideration. *See Sanchez Solis,* 882 F.2d at 698 (deals with perjury). Perjury is discussed at section 2J1.3 of the Guidelines, where its base offense level is 12, to be increased by 3 levels "[i]f the perjury ... resulted in substantial interference with the administration of justice." § 2J1.3(b)(2).[3] Section

**3.** Perjury is also a component of the obstruction of justice component in section 3C1.1. *Sanchez Solis,* 882 F.2d at 698–99. However, while obstruction of justice calls for an increase in the offense level by 2 levels, § 3C1.1, "[w]here the defendant is convicted for an offense covered by ... § 2J1.3 (Perjury), ... this adjustment is

not to be applied to the offense level for that offense except where a significant further obstruction occurred during the investigation or prosecution of the obstruction offense itself." § 3C1.1, *Application Note 4.* Thus, no adjustment applies for obstruction of justice in the case before us.

2J1.3 applies both to convictions for perjury under 18 U.S.C. § 1621 and for making false declarations before a grand jury or court under 18 U.S.C. § 1623. However, § 2J1.3(b)(2) authorizes only an adjustment, not a departure. *See* 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0; U.S.S.G. Chapter Three, Part A. It is important to distinguish "adjustments" from "departures" because many factors that are impermissibly used as a basis to *depart* from the Guidelines are proper bases for *adjustments*.

Application Note 1 to section 2J1.3 explains the grounds for an adjustment:

> '[s]ubstantial interference with the administration of justice' includes a premature or improper termination of a felony investigation, an indictment or verdict based upon perjury, false testimony, or other false evidence, or the unnecessary expenditure of substantial governmental or court resources.

It is apparent that none of these factors is present here.

Authority to depart is given only if " '[the false declarations are] present to a degree substantially in excess of that which ordinarily is involved in the offense of conviction.' " *Lira–Barraza*, 897 F.2d at 984 (quoting Sentencing Guidelines § 5K2.0 at 5.36–5.37). According to section 5K2.0 of the Guidelines, the court may not upwardly depart unless the false declarations were of such a magnitude that an adjustment does not properly reflect the level of the offense. Section 5K2.0 states:

> Where the applicable guidelines, specific offense characteristics, and adjustments do take into consideration a factor listed in this part, departure from the guideline is warranted only if the factor is present to a degree substantially in excess of that which ordinarily is involved in the offense of conviction. Thus, disruption of a governmental function, § 5K2.7, would have to be quite serious to warrant departure from the guidelines when the offense of conviction is ... obstruction of justice.

Section 5K2.7 states:

> If the defendant's conduct resulted in a significant disruption of a governmental function, the court may increase the sentence above the authorized guideline range to reflect the nature and extent of the disruption and the importance of the governmental function affected. *Departure from the guidelines ordinarily would not be justified when the offense of conviction is an offense such as ... obstruction of justice; in such cases interference with a governmental function is inherent in the offense, and unless the circumstances are unusual the guidelines will reflect the appropriate punishment for such interference.*

(Emphasis added.) The Guidelines define "obstruction of justice" as "testifying untruthfully concerning a material fact" at "any ... judicial ... proceeding." § 3C1.1, Application Note 1(c). This describes Goodrich's offense. Based on the statement in section 5K2.7, a departure for his obstruction of justice is unwarranted because the circumstances are not unusual.

Given our finding that these false declarations were not extraordinary, no departure is warranted. This decision precludes consideration of whether the degree of departure was unreasonable.

**B.** *Whether The District Court Erred By Not Reducing The Sentence For Acceptance Of Responsibility*

█ Section 3E1.1(a) of the Sentencing Guidelines provides that the offense level may be reduced by two levels if a defendant clearly demonstrates a recognition and affirmative acceptance of responsibility for his criminal conduct. Whether a defendant has accepted responsibility for his crime is a factual determination reviewed for clear error. *United States v. Gonzalez*, 897 F.2d 1018, 1019 (9th Cir.1990). The district court's decision on this issue is entitled to great deference and will not be disturbed unless it is without foundation. *United States v. Smith*, 905 F.2d 1296, 1301 (9th Cir.1990).

Goodrich argues that he was denied credit for acceptance of responsibility because he did not elaborate on his involvement in the "whole criminal enterprise." The record does not support this assertion.

Section 3E1.1 requires that a defendant accept responsibility only for the offense of conviction. Here, the offense was making false declarations. The court correctly looked to this offense:

> And it's also the court's ruling that ... the presentence report does not properly, in the court's mind, reflect that the defendant accepted responsibility for his acts, *primarily his acts of perjury.*
>
> While the presentence report of the probation officer reluctantly gives him ... credit ... in the court's judgment he did not and does not and has not accepted responsibility.

Reporter's Transcript of October 30, 1989, at 2–3 (emphasis added). Only after this decision was announced did Goodrich make statements to the court apologizing for his perjury. We will not disturb the court's decision.

Because we remand for resentencing, we need not reach the issue of whether Goodrich and his wife received disparate sentences.

AFFIRMED in part; REVERSED in part; and REMANDED for resentencing in accordance with this opinion.