945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Geno Morris COCKRUM, Defendant-Appellant.
 No. 90-50555.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1991.
Decided Oct. 1, 1991.
 
 Before KILKENNY, SNEED and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Geno Morris Cockrum appeals his sentence of 110 months following a guilty plea to attempted possession of methamphetamine with intent to distribute and possession of an unregistered firearm. He alleges that his sentence is illegal because the district court judge incorrectly applied the Sentencing Guidelines. We have jurisdiction pursuant to 28 U.S.C. § 1294(1) and we affirm.
 
 I. BACKGROUND
 
 3
 In December 1989 a confidential informant provided information to authorities regarding alleged drug trafficking by Cockrum. According to the informant, Cockrum manufactured 10 to 20 pounds of methamphetamine per month for associates to distribute. On December 15, the informant bought 13.9 grams of methamphetamine from a co-defendant at an apartment on Ball Avenue in Escondido. Two weeks later, agents executed a federal search warrant at the Ball Avenue apartment and arrested the occupants, appellant and Lorraine Greco, another co-defendant. The agents also seized a number of items, including 213 grams of suspected methamphetamine,[1] 18 grams of marijuana, 0.126 grams of methamphetamine, scales, drug packaging material, approximately $13,000 in United States currency, alleged narcotics ledgers and receipts, four shotguns, two pistols, ammunition, alleged laboratory equipment and additional drug paraphernalia. Defendant acknowledged his residence in the apartment but denied any knowledge of the drugs found during the search.
 
 
 4
 Authorities charged Cockrum with five counts of various drug and weapons offenses. In July 1990 he pled guilty to attempted possession of methamphetamine with intent to distribute, a violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of an unregistered firearm in violation of 26 U.S.C. §§ 5816(d) and 5871.
 
 
 5
 A probation officer prepared a presentence report. The base offense level was calculated to be 26. Four points were added based on the Specific Offense Characteristics: two for possession of a firearm and two for an aggravated role in the offense. The probation officer did not recommend subtracting two points for acceptance of responsibility. Thus, the recommended Total Offense Level was 30. The criminal history score was 8, with a criminal history category of IV. The applicable guideline range was 135 to 168 months. The judge accepted the recommendation except for the additional two points for an aggravated role. The final total offense level was therefore 28, with a range of 110 to 137 months. Following the plea agreement, the judge sentenced appellant to the low end of the guidelines, a 110-month prison term on each charge, with the two terms to run concurrently.[2]
 
 II. DISCUSSION
 
 6
 Cockrum alleges that the district court made three errors in calculating his sentence.
 
 
 7
 A. Upward Adjustment for Firearm Possession.
 
 
 8
 The district court's legal interpretation of the Guidelines is reviewed de novo. United States v. Foreman, 926 F.2d 792, 795 (9th Cir.1991).
 
 
 9
 Appellant contends that the district court erred by increasing his base offense level for possession of a firearm in connection with a drug offense because he was convicted simultaneously for the separate offense of possessing an unregistered firearm. This contention lacks merit.
 
 
 10
 The probation officer recommended adding two levels pursuant to U.S.S.G. § 2D1.1(b)(2), the Specific Offense Characteristics category. Section 2D1.1(b)(1) provides that "[i]f a dangerous weapon (including a firearm) was possessed during commission of the offense [involving drugs], increase by 2 levels." The application states, in part: "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n. 3).
 
 
 11
 Cockrum objected to the upward adjustment at the sentencing hearing, arguing first that additional guns found in the house were not functional, and second that following conviction of a substantive weapons charge, an adjustment for possession of a weapon is double-counting.
 
 
 12
 The district judge rejected appellant's claim that the other guns found in the room with the drugs and paraphernalia were nonfunctional. Agents seized three other shotguns and two pistols in addition to the unregistered gun at issue in the firearm charge. The judge found that because different weapons were the bases for the unregistered firearm charge and the upward adjustment for possession of a firearm in connection with drug trafficking, there was no double-counting. We find no grounds in the record or Sentencing Guidelines for overturning the judge's decision on the upward adjustment.
 
 
 13
 B. Acceptance of Responsibility.
 
 
 14
 Whether a defendant has accepted responsibility for a crime is a factual determination which this court reviews for clear error; the district court's determination is entitled to great deference. United States v. Goodrich, 919 F.2d 1365, 1369 (9th Cir.1990).
 
 
 15
 Cockrum contends that because he accepted responsibility for his crimes, the district court erred by denying him a two level downward adjustment under U.S.S.G. § 3E1.1. We reject this argument.
 
 
 16
 Section 3E1.1(a) provides: "If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels." Application Note 3 states that "[a] guilty plea may provide some evidence of a defendant's acceptance of responsibility. However, it does not, by itself, entitle a defendant to a reduced sentence under this section." U.S.S.G. § 3E1.1, comment. (n. 3).
 
 
 17
 Cockrum made a statement to the court on his responsibility for his actions. Cockrum argues on appeal that these comments, standing alone, were sufficient to warrant the downward adjustment. Alternatively, he contends that comments made by the court indicate that the judge refused the downward adjustment solely because of Cockrum's failure to talk to the probation officer. Cockrum argues that this was error under United States v. Herrera-Figueroa, 918 F.2d 1430 (9th Cir.1991), a case decided after his sentencing. In Herrera-Figueroa, this Court, relying on its supervisory powers over the orderly administration of justice in the Ninth Circuit, held that probation officers must permit defendants to have their attorneys present at the presentence interview. Id. at 432.
 
 
 18
 On the record, we cannot find that the district judge's decision to refuse the downward adjustment was clearly erroneous. Prior to the sentencing hearing, Cockrum refused to talk to the probation officer without his attorney present; his attorney was apparently out of town and the Presentence Report was due before his return. Cockrum therefore objected to that portion of the presentence report stating only that he refused to talk to the probation officer. At sentencing, the district judge acknowledged Cockrum's willingness to talk to the probation officer with his attorney present. The judge stated that she was not "drawing any negative inference from it except that I have to assess that in the acceptance of responsibility. But the point is that he did not speak because he wanted to have his attorney there.... He didn't talk and it really matters not on guideline calculations anyway. Supplemental Excerpt of Record (SER) 38, emphasis added.
 
 
 19
 The judge then acknowledged that appellant had expressed remorse for the "barebones of a factual basis that would sustain the elements of the offense." SER 40. But she expressed doubts about Cockrum's remorse when she pointed out that Cockrum had failed to discuss methamphetamines and had claimed that certain items were auto receipts, not drug ledgers, a claim the judge found not credible. Id. at 41. The judge referred to other problems she had with appellant's presentation. Id.
 
 
 20
 In commenting further on Cockrum's failure to talk to the probation officer, the judge discussed the importance of the probation officer's role in taking time the judge did not have to evaluate the defendant, SER at 42, and remarked that "[t]he Defendant also does not have a legal right to have his or her attorney there." Id. at 42. The judge concluded by stating that defendant had failed to talk to the probation officer and "there's nothing else he's done or said at any time during the course of this case that the guidelines would allow." Id., emphasis added.
 
 
 21
 Although Herrera-Figueroa changed the law regarding the right to have an attorney present during a presentence report interview, we cannot say, based on the record as a whole, that the district court based its decision solely on appellant's failure to talk to the probation officer. The judge's initial and concluding remarks, quoted above, indicate that the judge took into account the appellant's expression of remorse to the court, as well as the totality of his words and actions under the guidelines and found them lacking. We conclude that the district court's refusal to grant appellant a reduction was sufficiently founded and thus not clearly erroneous.
 
 
 22
 C. Compliance with Federal Rule of Criminal Procedure 32.
 
 
 23
 Whether a district court has properly complied with the requirements of Fed.R.Crim.P. 32 when imposing sentence is a question of law reviewed de novo. United States v. Salas, 824 F.2d 751, 752 (9th Cir.), cert. denied, 464 U.S. 969 (1987); overruled on other grounds, United States v. Fernandez-Angulo, 897 F.2d 1514 (9th Cir.1990) (en banc).
 
 
 24
 Cockrum argues that the district court judge failed to comply with Fed.R.Crim.P. 32(c)(D) because she did not make a finding regarding one of his objections to the pre-sentence report. His contention is without merit.
 
 
 25
 We have held that "[w]hen the defendant challenges the factual accuracy of any matters contained in the presentence report, the district court must, at the time of the sentencing, make the findings or determinations required by Rule 32. If the district court fails to make the required findings or determinations, the sentence must be vacated and the defendant resentenced." United States v. Fernandez-Angulo, 897 F.2d. at 1516 (footnote omitted).
 
 
 26
 In his written objections to the presentence report, appellant agreed that the criminal history section of the report had been calculated correctly. However, on the day of sentencing, Cockrum's attorney contested a state conviction for driving with a suspended license because Cockrum did not recall pleading guilty to the offense. On appeal, Cockrum argues that instead of granting him a continuance to clear up the matter, the court instructed defense counsel to file a motion under 28 U.S.C. § 2255, thereby failing to comply with its obligation to make a factual finding under Rule 32.
 
 
 27
 Appellant misrepresents the record below. In fact, the court granted defense counsel leave to file a motion under § 2255 if he subsequently found evidence to corroborate his claim. SER 3-5. Defense counsel understood the court's instruction. Defense counsel later told the court he would get the information within 30 days, and that any appeal from sentencing would not raise the criminal history issue. SER 44-45. The record does not contain any follow-up motion by defense counsel. Thus, there was no pending challenge to the presentence report and the district court was not required to make Rule 32 findings on the objection.
 
 
 28
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This was later determined to be ephedrine. According to the government, ephedrine is a precursor to methamphetamine
 
 
 [2]
 Both parties assert that Cockrum was given a concurrent 48-month sentence for the unregistered fiream offense. Appellant's Brief at 5; Appellee's Brief at 3-4 and n. 3. However, it appears from the transcript of the sentencing hearing that Cockrum received a concurrent 110-month sentence for the firearm offense, SER 43-44, which also conforms to the judgment and commitment order presented in the Excerpt of Record