951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio CHAVEZ-AGUILAR, Defendant-Appellant.
 No. 90-50618.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1991.*
Decided Dec. 12, 1991.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Chavez-Aguilar appeals from a 324-month sentence imposed after conviction on charges of conspiracy to possess heroin with intent to distribute, possession of heroin with intent to distribute, and aiding and abetting. Appellant argues the sentence was imposed as an incorrect application of the sentencing guidelines. We affirm.
 
 
 3
 The district court did not clearly err in denying appellant a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. District courts have broad discretion to grant or deny the reduction for acceptance of responsibility. See id., comment. (n. 5); see also United States v. Goodrich, 919 F.2d 1365, 1369 (9th Cir.1990). The district court acknowledged appellant's written offer of assistance (which was provided six months after appellant was arrested and was determined by case agents to be of insufficient value to warrant investigation), but determined appellant failed to manifest an acceptance of responsibility in his interview with the probation officer. We note that any sentencing reduction for assistance to authorities is to be considered independent of any reduction for acceptance of responsibility. U.S.S.G. § 5K1.1, comment. (n. 2). There is no evidence that the refusal to grant the reduction was based on constitutionally protected conduct. Compare U.S. v. Watt, 910 F.2d 587, 590-93 (9th Cir.1990). The court's determination was not without foundation and will not be disturbed on appeal.
 
 
 4
 The sentence enhancement under § 3C1.1 for obstruction of justice was not clearly erroneous. Furnishing material falsehoods to a probation officer in the course of a presentence investigation is conduct which may provide a basis for enhancement. United States v. Lofton, 905 F.2d 1315, 1317 (9th Cir.), cert. denied, 111 S.Ct. 365 (1990); United States v. Christman, 894 F.2d 339, 341 (9th Cir.1990); U.S.S.G. § 3C1.1, comment. (n. 1(e)). The district court found that appellant lied to the probation officer concerning lack of knowledge of the source of the heroin and about his role in the heroin transactions. Reporter's Transcript, September 19, 1990, at 19-21. The court specifically stated the statements were being construed in appellant's favor and found that appellant intended to mislead the probation officer. Id. at 19. This situation did not involve a denial of guilt, but lies to a probation officer. The evidence supported a finding that appellant intentionally misled the probation officer.
 
 
 5
 The district court did not clearly err in concluding that appellant was an organizer or leader within the meaning of § 3B1.1(a), and the four-level increase in the offense level will not be disturbed. The trial evidence supports the court's finding that appellant orchestrated the surveillance, supply, security and other activities relating to heroin sales to the undercover agent, involving more than five participants. The evidence demonstrated appellant coordinated procurement and delivery of heroin for repeated sales to the undercover agent; arranged for the meeting places for the transactions; utilized his network of associates to provide security and counter-surveillance during meetings and drug sales with the agent; negotiated price reductions on the heroin; and had the continuing ability to procure significant amounts of heroin after his immediate supplier was arrested. See, e.g., Reporter's Transcript, Vol. II, at 279, 282, 298, 316-17; Vol. III, at 386, 392, 405, 433, 440, 454, 469, 500-01, 518-19; Vol. IV, at 548-49, 569, 572-73, 585, 593, 600; Vol. V, at 695-96, 698-99, 760.
 
 
 6
 Although the appellant has no prior drug history, his conduct in this case supports the court's conclusion that he was an organizer or leader in the offenses. Appellant need not have been the only organizer or leader in the criminal association or conspiracy. U.S.S.G. § 3B1.1, comment. (n. 3). The court based its determination on the evidence at trial, as well as the presentence report, and provided an explanation sufficient to facilitate appellate review. As in United States v. Carvajal, 905 F.2d 1292, 1296 (9th Cir.1990) and United States v. Avila, 905 F.2d 295, 298-99 (9th Cir.1990), we cannot say the court clearly erred in finding appellant to be an organizer or leader.
 
 
 7
 Appellant's argument that there was "double counting" in the computation of the base offense level based on an amount of heroin between 3 and 9.9 kilograms and the increase in his offense level for being an organizer and possessing "the ability to obtain significant quantities of drugs," is untenable. The base offense level is simply based on the quantity of the controlled substance involved in the offense(s), not on the role in the offense or the ability to obtain large quantities of drugs. Furthermore, the enhancement for an aggravating role in this case was based on more than just the above-quoted statement in the presentence report. There was no double counting in this case.
 
 
 8
 Appellant's criminal history was not over-represented because of consideration of a 1987 misdemeanor conviction for possession of a switchblade knife. Appellant was on probation for the switchblade offense during the crimes charged in the instant indictment. The district court held a hearing to receive evidence on the seriousness of the misdemeanor to assist in setting an accurate criminal history, and found the circumstances involved were serious. Reporter's Transcript, September 19, 1990, at 25-26; September 26, 1990, at 37. There is no indication the judge incorrectly determined appellant's criminal history or that the judge's factual determinations were clearly erroneous. While appellant argued the increase in the offense level was unjust and the probation officer suggested a downward departure based on over-representation, a district court's discretionary refusal to depart downward is not subject to review on appeal. United States v. Morales, 898 F.2d 99, 102-03 (9th Cir.1990).
 
 
 9
 De novo review demonstrates that application of the sentencing guidelines to the appellant was not in violation of appellant's fifth and eighth amendment rights. The appellant provides no support for his contention that the information used to convict him was so lacking in indicia of reliability that it violated due process. Nor does appellant provide any support for his contention that in this case he has in reality been punished for involvement in a continuing criminal enterprise, a charge on which the jury was unable to reach a verdict.
 
 
 10
 Appellant argues that the government's role in encouraging him to continue to violate the controlled substance law for more than a year was sufficiently outrageous that the sentencing judge should have made a downward departure pursuant to § 5K2.0. We have no jurisdiction to review this claim. Morales, 898 F.2d at 102-03.
 
 
 11
 While the sentence in this case is very harsh, it is constitutionally sound and is not the result of incorrect application of the sentencing guidelines to this case.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3