**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dawood MOMENI, Defendant-Appellant.**

**No. 91-10415.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 1992.

Decided March 31, 1993.

494

Alexander Silvert, Asst. Federal Public Defender, Honolulu, HI, for defendant-appellant.

Stuart L. Gasner, Asst. U.S. Atty., Honolulu, HI, for plaintiff-appellee.

Before: BROWNING, NORRIS and REINHARDT, Circuit Judges.

PER CURIAM:

Dawood Momeni traveled to Hawaii on eight occasions between February, 1986 and November, 1987, and charged his hotel and miscellaneous expenses to credit cards not owned by him. He appeals his conviction and sentence on multiple counts of mail, wire and credit fraud.

## I

Momeni argues there was insufficient evidence he was the person involved in the events at the hotels alleged in counts two, five and seven.

The government presented "signature" evidence suggesting that each of the hotel stays involved the same individual. Some combination of the following characteristics appeared with respect to each of the challenged counts: the perpetrator gave the same fictitious address and/or fictitious telephone number; tips on credit card vouchers were in such amounts that the totals rounded off to even dollar amounts (e.g., bill of $6.87 plus $1.13 tip equals $8.00); the perpetrator purchased jewelry from the hotel jewelry shop and charged it to his room; the perpetrator departed prior to the scheduled end of his stay without checking out. Evidence of this kind may be sufficient alone to establish a perpetrator's identity. See United States v. Milhollan, 599 F.2d 518, 524–25 (3d Cir.1979) (finding similar modus operandi evidence probative of identity); 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence ¶ 404[16] (1992) (discussing "signature" evidence in context of Fed. R.Evid. 404(b)).

In addition, the government offered evidence that Momeni rented a car in his own name on dates that closely matched the dates on which eight separate hotel stays were charged to other people's credit cards. The government also presented thirteen eyewitnesses who identified Momeni as the person who offered another person's card at five of the hotels, although not at the hotels involved in counts two, five and sev-

en. The similar modus operandi at all eight hotel stays, Momeni's presence on the relevant island at the relevant times, and his identification by eyewitnesses at the five other hotel stays, suffice to support his conviction on the three counts as to which the government produced no such witnesses.

 Momeni challenges the sufficiency of the evidence that use of the credit cards involved in counts two and ten was not authorized. The government did not present direct testimony from the persons to whom the cards were issued that Momeni's use of the cards was not authorized, but did introduce evidence that Momeni claimed not to know the persons to whom the cards were issued and that the owners of the cards refused to pay the charges Momeni made on their cards. The jury could conclude from this evidence that Momeni was not authorized to use the cards.[1]

 Count 12 of the indictment charged an attempt to violate 18 U.S.C. § 1029(a)(2) through fraudulent use of a Discover credit card at the Hyatt Regency Hotel on Maui. Momeni argues the government failed to prove the statutory minimum of $1,000 in charges within a year because the evidence showed only $940 in charges at the Hyatt Regency.[2] The government presented evidence of other charges to the same credit card at other hotels during the same period that brought the total over the $1,000 minimum, but Momeni insists the government must prove the terms of the indictment as drafted.

 A difference between allegations in the indictment and proof adduced at trial may constitute a constructive amendment of the indictment, which would require re-versal, or only a variance, which would not. As the court explained in *United States v. Pisello*, 877 F.2d 762 (9th Cir.1989),

> a constructive amendment occurs when 'the crime charged [is] substantially changed at trial, so that it [is] impossible to know whether the grand jury would have indicted for the crime actually proved." ... [H]owever, ... a mere variance occurs when the prosecution's evidence proves facts different from those alleged in the indictment.... The line essentially is between the situation in which different evidence supports the charged crime and that in which the evidence supports a crime other than that charged. Although the latter, an amendment, requires reversal, the former, a variance, does not warrant reversal unless it affects the substantial rights of the defendant.

*Id.* at 765 (citations omitted).

The fact that credit card charges at several hotels must be aggregated to meet the $1,000 statutory minimum does not change the crime charged, which is still credit card fraud under 18 U.S.C. § 1029(a)(2). The proof therefore reflects a variance from the literal charge, not a constructive amendment. *See United States v. Von Stoll*, 726 F.2d 584, 587 (9th Cir.1984). The variance did not affect Momeni's substantial rights because the place where the credit card charges were made is irrelevant to conviction under 18 U.S.C. § 1029(a)(2), and the record shows Momeni had notice the government would offer evidence of the charges at other hotels and that he did not object to its introduction at trial.

## II

 In imposing sentence, the district court adjusted the offense level upward

---

1. In support of count ten the government presented testimony of the cardholder's brother that he had custody of the card while his brother was in Iran, that he was in a position to know of authorized uses of the card, and did not know of any authorization given to Momeni. Momeni argues the testimony should have been excluded, but it had some relevance to the issue of authorization, and was therefore admissible. *United States v. Gilley*, 836 F.2d 1206, 1213 (9th Cir.1988) ("Decisions whether evidence is rele-vant ... are committed to the [district] court's sound discretion.").

2. 18 U.S.C. § 1029(a) provides: "[w]hoever ... (2) knowingly and with intent to defraud traffics in or uses one or more unauthorized access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period ... shall, if the offense affects interstate commerce, be punished ..."

two levels for obstruction of justice under U.S.S.G. § 3C1.1, on the ground Momeni had perjured himself in his testimony at trial.[3] Momeni does not contest this adjustment. The court also departed upward under 18 U.S.C. § 3553(b) from the guidelines range of 18–24 months and sentenced Momeni to 30 months on the ground that the two-level adjustment under § 3C1.1 did not sufficiently address the seriousness of Momeni's perjury as a witness.[4] Momeni challenges this departure.

Momeni does not contest the district court's finding as to the nature and extent of his perjury at trial, and for good reason.[5] Instead, Momeni argues that when a court has adjusted the sentence upward under § 3C1.1 because a defendant has perjured himself at trial, as a matter of law the court may not depart from the sentence on the basis of the same perjury.

*United States v. Ward*, 914 F.2d 1340 (9th Cir.1990), is controlling authority to the contrary. We held in *Ward* that after granting an upward adjustment under § 3C1.1 for perjury at trial, the sentencing court may, in addition, depart upward from the adjusted guideline sentence under 18 U.S.C. § 3553(b) if the defendant's perjury at trial is "significantly more egregious than the ordinary cases of obstruction listed in the application notes to § 3C1.1, of which the Commission has taken full account." *Id.* at 1348.[6] *Ward* reflects the

general rule that departure is appropriate where an aggravating circumstance is present to a degree not taken into account by the Sentencing Commission. U.S.S.G. § 5K2.0; *see also United States v. Wade*, 931 F.2d 300, 306 (5th Cir.1991) (allowing upward departure above obstruction adjustment where obstruction was egregious).

Momeni relies on *United States v. Goodrich*, 919 F.2d 1365 (9th Cir.1990). *Goodrich* is not inconsistent with *Ward*. In *Goodrich* the offense charged was perjury itself. The sentencing judge departed from the guideline range based not on the egregiousness of the lies the defendant told in the course of testimony at trial, but rather on the number of lies that were encompassed in the charge of perjury itself. We held that the court may not depart from the guideline sentence for perjury simply because the perjury charged included a large number of false statements. *Id.* at 1368. *Goodrich* did not involve either adjustment or departure based upon a defendant's perjury at trial.

Affirmed.

---

**3.** Section 3C1.1 provides:

> If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

**4.** 18 U.S.C. § 3553(b) provides, inter alia, "The court shall impose a sentence of the kind and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

**5.** In the words of the district judge:

> [T]he Court finds, base[d] upon the testimony of the witness, based upon the other evidence in this case … that [the perjury] was … so

pervasive, so perverse, so calculated, so outrageous, so beyond the pale of anything which I have ever heard in a United States Court before in terms of a tale so sadly woven and— and so directly and persuasively contradicted by believable, credible evidence that the Court simply does not feel that it is—that it is or was taken into consideration [by the Sentencing Guidelines].

8/13/91 Tr. at 93. The judge continued: "I know that when I left this bench … after the jury verdict, I was completely and absolutely convinced beyond any doubt at all that he had engaged in the greatest fraud upon this court which has ever been perpetrated in my courtroom by way of his testimony." 8/13/91 Tr. at 94. "[A]lmost everything out of this man's mouth at trial was a fabrication." *Id.* at 87.

**6.** In *Ward*, as here, both the two-level adjustment under § 3C1.1 and the district judge's departure from the guideline sentence were based on Ward's perjurious testimony at trial.