141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry R. THOMAS, Petitioner-Appellant,
v.
George N. SMITH, Warden, et al., Respondent-Appellee.
 No. 95-56300.
D.C. No. CV-94-02621-DVK.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1997**
Decided March 26, 1998.
 
 Appeal from the United States District Court for the Central District of California, David V. Kenyon, District Judge, Presiding.
 Before CHOY, FERGUSON, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner-Appellant Terry Thomas ("Thomas") appeals the district court's denial of his 28. U.S.C. § 2254 habeas corpus petition.[1] Thomas was sentenced to California state prison after being convicted of six counts of burglary. He contends that the evidence was insufficient to sustain his conviction; that his counsel was ineffective; and that the district court failed to review the magistrate judge's recommendation de novo.
 
 
 3
 We AFFIRM.
 
 Analysis
 I. Sufficiency of the Evidence
 
 4
 Thomas argues that there was insufficient evidence to convict him of all counts except for one--the burglary of Doris Gordon's residence.
 
 
 5
 There is sufficient evidence to support a conviction if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
 
 
 6
 In this case, evidence of the same modus operandi in all six burglaries provided a sufficient basis for Thomas' conviction. See U.S. v. Momeni, 991 F.2d 493, 494 (9th Cir.1993) (finding evidence of modus operandi alone sufficient to establish a perpetrator's identity). For example, each burglary occurred in North Hollywood, at approximately 8 p.m. while the residents were not at home. Similar items were stolen in each case, including televisions, food, and jewelry. The burglar made phone calls to Carlette Strickland or Deloris Shields, or both, from each residence. Furthermore, the burglar left feces on the floor in two of the homes.
 
 
 7
 In conjunction with this modus operandi, additional evidence suggested Thomas as the common perpetrator. Strickland testified that she received several collect calls from a person who identified himself as Terry Thomas, and Shields further testified that Thomas did not have a phone at his apartment.
 
 
 8
 Moreover, Thomas does not contest the sufficiency of evidence regarding the Gordon burglary where a member of the household witnessed and subsequently identified Thomas as the perpetrator. Since the modus operandi of the Gordon burglary was consistent with the other five, a rational jury could conclude that Thomas burglarized all six residences, despite the lack of witness identification in five of the counts. See Momeni, 991 F.2d at 495.
 
 II. Ineffective Assistance of Counsel
 
 9
 Thomas argues that counsel should have moved to exclude stolen goods found in his apartment because the authorities lacked reasonable suspicion to conduct a valid parole search. Additionally, Thomas contends that police exceeded the permissible scope of the search when officers searched a child's bedroom in the apartment without knowing whether Thomas exercised control over the room.
 
 
 10
 Nonetheless, we need not address the merit of these claims. To prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel as well as prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We may dispose of an ineffectiveness claim due to lack of prejudice without examination of the performance prong. Id. at 697.
 
 
 11
 We agree with the district court's finding that Thomas was not prejudiced by admission into evidence of the stolen goods found in his apartment. To establish prejudice requires showing that counsel's errors were so serious that the defendant was deprived of a fair trial, one "whose result is reliable." Id. at 687.
 
 
 12
 In this case, there was sufficient evidence presented to convict Thomas of burglary without evidence of the stolen goods obtained in the search. As discussed in the preceding section, the modus operandi of all six burglaries was similar. Therefore, we reject Thomas' ineffective assistance of counsel claim.
 
 
 13
 III. District Court Review of Magistrate Judge's Recommendation
 
 
 14
 When a party objects to a magistrate's proposed recommendations and findings, a district court shall make de novo determinations of those portions to which objections are filed. 28 U.S.C. § 636(b)(1)(C).
 
 
 15
 Despite his objections to the magistrate's recommendation, Thomas argues that nothing in the judgment indicates a de novo determination by the district court. We disagree.
 
 
 16
 The district court stated in its order that is had "reviewed the Petition, all of the records and files herein and the attached Report and Recommendation" of the magistrate judge. Moreover, the district court specified that it had conducted its review pursuant to 28 U.S.C. § 636(b)(1)(C), indicating compliance with the statute. Taken together, this language is sufficient to demonstrate that the district court did review the magistrate's recommendation de novo. See Martinez v. Newport Beach City, 125 F.3d 777, 786 (9th Cir.1997). Thus, we find that the district court did not err in adopting the magistrate's conclusions, including the denial of an evidentiary hearing because Thomas' objections were without merit.
 
 
 17
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This appeal was filed prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996. Thus, the amendments made by the Act do not affect this appeal. See Paradis v. A.J. Arave, 130 F.3d 385, 390 n. 3 (9th Cir.1997)