142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ralph L. LOPER, Defendant-Appellant.
 No. 96-30361.
D.C. No. CR-96-00039-01-JWS.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1998.
Decided May 8, 1998.
 
 1
 Appeal from the United States District Court for the District of Alaska John W. Sedwick, District Judge, Presiding.
 
 
 2
 Before HUG, Chief Judge, REINHARDT, Circuit Judge, and REED**, District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellant Loper appeals his convictions on Counts 2 and 6 pursuant to 16 U.S.C. § 3372(a) of the Lacey Act for interstate sale of wildlife taken in violation of state laws and regulations. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the convictions. The parties are familiar with the factual and procedural history, therefore, we will not recount it here.
 
 
 5
 Appellant contends that the district court's jury instructions constructively amended the indictment. Counts 2 and 6 in the indictment gave Appellant adequate notice that an underlying state offense supporting the Lacey Act violation was that he allowed unlicensed persons to guide his clients. The crime proved at trial was not substantially changed from that charged in the indictment, and the district court's jury instructions did not constructively amend the indictment. See United States v. Miller, 981 F.2d 439, 443 (9th Cir.1992); see also United States v. Momeni, 991 F.2d 493, 495 (9th Cir.1993).
 
 
 6
 Appellant contends that the evidence was insufficient to sustain the convictions on Counts 2 and 6. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find that Appellant knew that Travis Loper and Steve Sommer were not licensed guides because Appellant attempted to conceal their involvement in records submitted to the Big Game Commercial Services Board. See United States v. Nielsen, 1 F.3d 855, 860-61 (9th Cir .1993) (evidence of concealment sufficient to find defendant had knowledge that reports were false). There is sufficient evidence to uphold the convictions on Counts 2 and 6.
 
 
 7
 Appellant contends that the district court erred by not instructing the jury regarding state law defenses to the state law offenses underlying Count 6. Appellant did not offer jury instructions on these state law defenses, therefore, we review the district court's failure to instruct on them for plain error. United States v. Span, 970 F.2d 573, 577 (9th Cir.1992). First, Appellant argues that he was entitled to an instruction regarding the definition of "edible meat" under state law because he was not required to salvage damaged meat. A.S. 16.30.030(3)(B) ("edible meat" does not include "meat that has been damaged and made inedible by the method of taking"). Appellant, however, did not present evidence that all meat that was not salvaged from the moose was inedible. Second, Appellant argues that he was entitled to an instruction regarding "acts of God" which excuse the failure to salvage all edible meat as required by state law. The manner in which the moose fell after it was shot is not an "act of God" because it involved human intervention. Moreover, the evidence did not show that all meat that was not salvaged at the time required by state law was inaccessible. Because the defenses were not supported by law or by the evidence presented, we find no plain error in the district court's failure to instruct on the definition of "edible meat" or an "act of God" defense. See United States v. Atkinson, 966 F.2d 1270, 1274 (9th Cir.1992). Furthermore, even if an error occurred, it does not meet the "miscarriage of justice" standard required for plain error under United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
 
 
 8
 For these reasons, the convictions are AFFIRMED.
 
 
 
 **
 The Honorable Edward C. Reed, Jr., Senior United States District Court Judge for the District of Nevada, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3