**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**McDOWELL & COMPANY, INC.,**
**Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Rusty McDowell, Defendant—**
**Appellant.**

Nos. 03–10496, 03–10569.
D.C. No. CR–00–20035–RMW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2005.

Submission Vacated June 20, 2005.

Resubmitted Aug. 3, 2005.

Sept. 14, 2005.

Jeff Nedrow, USSJ—Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Hannah Horsley, Esq., USSF—Office of the U.S. Attorney, Doron Weinberg, Esq., Weinberg & Wilder, San Francisco, CA, for Defendant–Appellant.

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

Before SCHROEDER, Chief Judge, CANBY, Circuit Judge, and DUFFY,* District Judge.

### MEMORANDUM **

Rusty McDowell and McDowell & Company, Inc., appeal their jury convictions and sentences for conspiracy in violation of 18 U.S.C. § 371, wire fraud in violation of 18 U.S.C. § 1343, and mail fraud in violation of 18 U.S.C. § 1341. The convictions arose out of a scheme in which McDowell & Co. obtained drawings from a company called Applied Materials under false pretenses, and used those drawings to have Applied machine parts made and sold to Applied's customers without permission, and without Applied getting any proceeds from the sales.

■ The defendants raise several arguments related to the indictment. They first contend that the indictment was fatally flawed because it failed to allege a specific material misstatement, which they claim is an essential element of the offense pursuant to *See Neder v. United States,* 527 U.S. 1, 25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). This argument is foreclosed by *United States v. Woods,* 335 F.3d 993 (9th Cir.2003), which reiterated our long-standing caselaw that a defendant's actions can constitute a scheme to defraud even if there are no specific false statements involved, as long as the scheme taken as a whole was misleading or deceptive. *Id.* at 997–98; see also *United States v. Omer,* 395 F.3d 1087, 1089 (9th Cir.2005) (per curiam). Moreover, by alleging that the defendants engaged in "unauthorized diversion" and "secretly obtained" the docu-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

580

ments, the indictment adequately alleged materiality as required by *Neder*. *See United States v. LeVeque*, 283 F.3d 1098, 1104 (9th Cir.2002). In any event, defendants did not raise this objection at trial.

■ The defendants also contend that they were prejudiced by variances between the indictment and the proof at trial. Even assuming that there were variances between the indictment and the proof at trial, the variances were harmless. *See United States v. Momeni*, 991 F.2d 493, 485 (9th Cir.1993); *United States v. Von Stoll*, 726 F.2d 584, 585–86 (9th Cir.1984). The variances did not affect the defendants' substantial trial rights, and the defendants had sufficient notice that the government would offer the proof at trial. *Id.* at 587.

■ The defendants also argue that the district court constructively amended the indictment when it instructed the jury on a concealment theory of mail and wire fraud. The broad language of the indictment supports either a material misrepresentation theory or a concealment theory of mail and wire fraud. *See e.g., United States v. Markee*, 425 F.2d 1043, 1047–48 (9th Cir. 1970). The indictment therefore was not "so altered as to charge a different offense from that found by the grand jury." *See United States v. Miller*, 471 U.S. 130, 144–45, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985); *see also United States v. Shipsey*, 363 F.3d 962, 974 (9th Cir.2004).

■ The defendants raise a related argument that the district court's jury instructions on the concealment theory were legally erroneous. Because the defendants did not object to the jury instructions on this ground, we review the instructions for plain error. *Jones v. United States*, 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). The jury instructions were not plainly erroneous. Further, the district court was not required to give a specific unanimity instruction, because the defendants have not shown that there is a genuine possibility of juror confusion. *See United States v. Gilley*, 836 F.2d 1206, 1211–12 (9th Cir.1988).

The defendants also contend that there was not sufficient evidence to support the jury verdict. Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Finally, defendant Rusty McDowell argues that his sentence must be vacated and remanded to the district court for resentencing under *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We vacated submission to allow the parties to submit supplemental briefing addressing whether a remand was required. Both parties now agree a remand is required. Because McDowell did not challenge his sentence on Sixth Amendment grounds in the district court, we grant a limited remand pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005).

The convictions are affirmed. Rusty McDowell's sentence is remanded to the district court pursuant to *Ameline*.

CONVICTION AFFIRMED; SENTENCE REMANDED.